State v. Edwards

STATE OF NORTH CAROLINA v. ROBERT MITCHELL EDWARDS

No. 86

(Filed 26 January 1973)

Burglary and Unlawful Breakings § 8— sentence for second degree burglary — cruel and unusual punishment

A sentence of imprisonment for second degree burglary of not less than thirty years nor more than life is within the maximum provided by G.S. 14-52 and is therefore not cruel or unusual in a constitutional sense.

APPEAL by defendant from judgment entered by *Collier, J.,* at 7 August 1972 Session of FORSYTH Superior Court.

Defendant was indicted in separate bills which charged him with the commission of the crimes of burglary and of felonious escape.

The burglary indictment charged that defendant, "about the hour of twelve in the night time" of 14 November 1971, "unlawfully, feloniously and burglariously did break and enter a dwelling house of Wade A. Crews, located at Route #3, Kernersville, North Carolina, which dwelling house was then and there actually occupied by Wade A. Crews, Mary P. Crews, and Brian Crews, with the felonious intent to commit the crime of larceny in said dwelling house. . . . "

The felonious escape indictment charged in substance that defendant on 14 November 1971, while serving a sentence for felonious larceny and lawfully confined by the North Carolina Department of Correction, escaped from such lawful custody in that, after authorized to leave his place of confinement on temporary parole, defendant, in violation of his parole and of G.S. 148-45(b), failed to return to his place of confinement as directed and ordered by the North Carolina Department of Correction.

Represented by court-appointed counsel, defendant, when arraigned on the burglary indictment, tendered a plea of guilty of burglary in the second degree; and, when arraigned on the felonious escape indictment, entered a plea of guilty as charged. Subject to approval by the court, these pleas were accepted by the State.

Prior to final acceptance of the pleas, defendant in open court was fully advised as to his rights. In response to inquiries by the court, defendant stated that he understood his rights; that he was guilty of the crimes to which he had pleaded guilty; that he knew the maximum punishment for these crimes; and that his attorney had entered the pleas by his authority and with his assent.

Based upon defendant's oral and written statements, the court found that defendant had entered the pleas voluntarily and understandingly, without undue influence, compulsion or duress, and without promise of leniency.

The State also offered evidence which tended to support all allegations in the indictments in respect of the crimes to which defendant had pleaded guilty.

State v. Edwards

Upon defendant's pleas the court, having consolidated the two cases for judgment, pronounced judgment "that the defendant be imprisoned for the term of not less than thirty (30) years nor more than his natural life in the State's Prison. . . ."

Defendant excepted to the judgment and appealed.

*Attorney General Robert Morgan and Associate Attorney Edwin M. Speas, Jr. for the State.*

*Frank W. Winfree for defendant appellant.*

PER CURIAM.

Defendant's only assignment of error is that "[t]he trial court erred in sentencing defendant for a period of 30 years to life in that the evidence presented by the State and by the defendant did not warrant such cruel and unusual punishment."

The punishment for burglary in the second degree is "imprisonment in the State's prison for life, or for a term of years, in the discretion of the court." G.S. 14-52. A sentence of imprisonment within the maximum authorized by statute is not cruel or unusual in a constitutional sense, unless the punishment provisions of the statute itself are unconstitutional. *State v. Cradle,* 281 N.C. 198, 209, 188 S.E. 2d 296, 303 (1972), and cases there cited.

The punishment for felonious escape (first offense) is "imprisonment for not less than six months nor more than two years." G.S. 148-45. Defendant was an escapee when he committed the crime of burglary.

The burglary case is before this Court on direct appeal as a matter of right under G.S. 7A-27(a) because the judgment pronounced includes the possibility of life imprisonment. The burglary case and the felonious escape case were heard in the superior court at the same time and a single judgment was pronounced. We allowed *certiorari* in the felonious escape case so that the appeal in both cases could be considered and decided at the same time by this Court.

Affirmed.